# EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "**Agreement**") is made as of the Effective Date (as defined below) by and between LIDIA BOGRAN, individually ("**Bogran**," a term which includes each and all of her heirs, agents, representatives, attorneys, successors and assigns), SILDA CHAVEZ, individually ("**Chavez**," a term which includes each and all of her heirs, agents, representatives, attorneys, successors and assigns), CLAUDIA CRUZ, individually ("**Cruz**," a term which includes each and all of her heirs, agents, representatives, attorneys, successors and assigns), JOSE ESTRADA, individually ("**Estrada**," a term which includes each and all of his heirs, agents, representatives, attorneys, successors and assigns) and RICARDO VALDES, individually ("**Valdes**," a term which includes each and all of his heirs, agents, representatives, attorneys, successors and assigns) (Bogran, Chavez, Cruz, Estrada, and Valdes are referred to collectively as the "**Plaintiffs**") and GR OPCO, LLC, a Florida for profit corporation d/b/a E11EVEN MIAMI ("**E11even**," a term which includes each and all of its managers, members, managing members, officers, employees, agents, representatives, attorneys, affiliates, successors and assigns), ELEVATED EATERIES OF MIAMI, LLC, a Florida for profit corporation ("**Elevated**," a term which includes each and all of its managers, members, managing members, officers, employees, agents, representatives, attorneys, affiliates, successors and assigns), CJS GLOBAL, LLC, a Florida for profit corporation ("**CJS**," a term which includes each and all of its managers, members, managing members, officers, employees, agents, representatives, attorneys, affiliates, successors and assigns), DENNIS DEGORI, individually ("**Degori**," a term which includes each and all of his heirs, agents, representatives, attorneys, successors and assigns), KENNETH RATNER, individually ("**Ratner**," a term which includes each and all of his heirs, agents, representatives, attorneys, successors and assigns), and FRANCES MARTIN, individually ("**Martin**," a term which includes each and all of her heirs, agents, representatives, attorneys, successors and assigns) (E11even, Elevated, CJS, Degori, Ratner and Martin are referred to collectively as the "**Defendants**").  Plaintiffs and Defendants are referred to collectively as the "**Parties**" or each individually as a "**Party**."  Capitalized words and phrases shall adopt the definitions as set forth in **boldface** throughout this Agreement.

## RECITALS

*WHEREAS*, on or about June 2, 2015, Plaintiffs filed suit against Defendants and on or about September 18, 2015, Plaintiffs sought leave to amend their allegations asserting (1) recovery for failure to pay federal minimum wage, (2) recovery for failure to pay overtime compensation, (3) recovery of failure to pay Florida minimum wage, and (4) recovery of unpaid wages under chapter 448, Fla. Stat., in the matter styled *LIDIA BOGRAN, et al. v. GR OPCO, LLC, et al.*, Case No.: 15-CV-22100 Cooke/Torres, pending in the United States District Court for the Southern District of Florida, Miami Division (the "**Lawsuit**").

*WHEREAS,* Defendants deny liability for all of the allegations and claims set forth in the Lawsuit.

*WHEREAS*, after discussion and negotiations, in lieu of the cost, risk and uncertainly of continued litigation, the Parties, without any admission of liability by any Party, have agreed to the manner and form of a settlement as set forth herein.

*WHEREAS*, the Parties desire to reduce, this, their settlement agreement to writing, by and through this Agreement, so that it may be binding upon them, their successors and assigns.

**TERMS AND CONDITIONS**

NOW, THEREFORE, based on the covenants, agreements and other good and valuable consideration set forth in this Agreement, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Recitals**.  The foregoing recitals are confirmed by the Parties as true and correct and are incorporated into this Agreement by reference as a substantive part of this Agreement.

2. **Effective Date**.  The Effective Date of this Agreement shall be the date upon which the last Party required to execute the Agreement does, in fact, execute the Agreement.

3. **Payment**.  CJS, on behalf of all of the Defendants, shall pay Plaintiffs a gross amount of $45,000 (the "**Gross Settlement Payment**"), which shall be tendered to Plaintiffs c/o Howard Tanner, P.A., 100 S. Pointe Drive #1909, Miami Beach, Florida 33139 via wire transfer on or before the following dates in the amounts set forth (each a "**Periodic Settlement Payment**"):

    (a) $22,500 on or before November 2, 2015;

    (b) $22,500 on or before December 1, 2015.

4. **Payment Allocation**.  The Gross Settlement Payment shall be allocated amongst the Plaintiffs and their counsel of record, Howard Tanner, Esq., as follows:

    (a) Costs reimbursed to Howard Tanner, Esq.: $800;

    (b) Attorneys' fees to Howard Tanner, Esq.: $10,200;

    (c) Bogran: $1,000;

    (d) Chavez: $11,000;

    (e) Cruz: $2,000;

    (f) Estrada: $10,000;

    (g) Valdes: $10,000.

5. **Motion for Approval of Settlement.** No later than two (2) business days following the Effective Date, the Parties shall jointly file with the Court in the Lawsuit a Motion for Approval of the Parties' Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

6. **Stay of Lawsuit Pending Completion of Payments.** The Parties agree, contemporaneous with the filing of the Motion for Approval of Settlement, to jointly petition the Court in the Lawsuit to issue a stay/abatement of the Lawsuit, including requesting a continuance of all deadlines, pending completion of the payment obligations set forth above.

7. **Notice and Opportunity to Cure Prior to Payment Default and Lifting of the Stay**. Should CJS fail to timely tender either of the Periodic Settlement Payments on the date due, Plaintiffs or their counsel shall provide written Notice (as defined below) to CJS with copy to its counsel, Michael H. Nullman, Esq., advising of the alleged non-payment. In the event that Defendants fail to cure such an alleged failure within five (5) business days after receiving said Notice, the Parties agree that Plaintiffs shall be entitled to notify the Court in the Lawsuit of such, and the Parties agree the occurrence of such a failure to make the required payment and also failure to cure following Notice shall cause the lifting of the imposed stay.

8. **Dismissal of Lawsuit**. Within two (2) business days following payment of the second (2nd) Periodic Settlement Payment, the Parties shall execute and submit to the Court in the Lawsuit a Joint Stipulation of Dismissal With Prejudice (the "**Stipulation**"), stipulating (1) to the dismissal of the Lawsuit with prejudice and (2) that all Parties shall bear their own attorneys' fees and costs, along with a proposed agreed order adopting the Stipulation and dismissing the Lawsuit.

9. **Notice**. Notices permitted or required to be made under this Agreement ("**Notice**") shall be effective if made by email addressed to the following parties:

*If to Plaintiffs:*

Howard Tanner, Esq. (h@howard-tanner.com)
Howard Tanner, P.A.
100 S. Pointe Drive #1909
Miami Beach, Florida 33139

*If to CJS:*

Michael H. Nullman, Esq. (mnullman@nasonyeager.com)
Nason, Yeager, Gerson, White & Lioce, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida  33401

*If to E11even, Elevated, Degori, Ratner and Martin:*

David Haber, Esq. (dhaber@dhaberlaw.com)
Lauren Fallick, Esq. (lfallick@dhaberlaw.com)
Haber Slade, P.A.
201 S. Biscayne Boulevard, Suite 1205
Miami, Florida 33131

10. **General Release.**  Except for the duties and obligations of the Defendants specifically set forth in this Agreement, the Plaintiffs, and each of them, for themselves and on behalf of their successors, assigns and legal representatives, each hereby release, remise, and forever discharge each of the Defendants, any parent entity of the Defendants, all subsidiaries, affiliates and related entities of the Defendants, and each of their predecessors, successors and assigns, and all of their respective shareholders, directors, officers, partners, members, managers, employees, attorneys, representatives and agents, whether past or present, from any and all other claims, demands, actions and causes of action, claims of indemnity or contribution, defenses, affirmative defenses, counterclaims, agreements, covenants, suits, contracts, obligations, accounts, damages, liabilities, debts, costs, expenses, attorneys' fees, offsets and rights, of any nature whatsoever, whether arising at law, in equity or by statute, whether in contract, tort or otherwise, whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, which the Plaintiffs have had, now have or hereinafter may have against any of the Defendants from the beginning of the world to the date of this Agreement (collectively, the "**Released Claims**"), including, without limitation, any Released Claims based upon, arising out of or relating to the Lawsuit or the claims that were alleged or could have been alleged in the Lawsuit.  The Plaintiffs each agree not to sue the Defendants or in any way assist any other person or entity in suing any Defendants with respect to any of the Released Claims.  This release may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this release provision.  For the avoidance of any doubt, expressly included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs, without limitation, are all claims under the following:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Chapter 760, Florida Statutes;

- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code; and
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

11. **Indemnification**. Plaintiffs acknowledge and agree that it shall be solely and exclusively Plaintiffs' obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiffs shall and hereby do indemnify and hold harmless Defendant from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiffs hereunder as wages, including, without limitation, Plaintiffs, the IRS, or any other person or entity.

12. **Confidentiality.** The Parties expressly agree that the terms of this Agreement (including, but not limited to, the amount of consideration paid hereunder) shall not be discussed with or disclosed to anyone, either directly or indirectly, with the exception of: (1) the Agreement may be used as evidence in any action relating to a breach of the Agreement; (2) for enforcement of this Agreement; (3) any Party's legal counsel; (4) any Party's accountant(s); (5) for reporting to any governmental taxing authority; (6) the Party's (and their authorized representative(s)) respective spouses; (7) it will be filed with the Court for approval and in connection therewith uploaded to PACER; (8) or when otherwise required by law.

13. **No Modification Unless in Writing.** Any future waiver, alteration, amendment or modification of any of the provisions of this Agreement shall not be valid or enforceable unless in writing and signed by the Parties, it being expressly agreed that this Agreement cannot be modified orally, by course of dealing or by implied agreement.

14. **Binding Upon Successors/Assigns**. This Agreement shall be binding upon and shall inure to the benefit of the Parties, their successors, assigns and legal representatives.

15. **Headings.** The headings of paragraphs in this Agreement are for convenience of reference only and shall not in any way affect the interpretation or construction of this Agreement.

16. **Joint Drafting**. This Agreement is the product of joint draftsmanship by the Parties and any ambiguities in this Agreement or any documentation prepared pursuant to or in connection with this Agreement shall not be construed against any of the Parties because of draftsmanship.

17. **Represented by Independent Counsel.** The Parties acknowledge that they have been represented by independent legal counsel of their own choice throughout all negotiations that have preceded the execution of this Agreement. The Parties acknowledge that the other

Party, or any agent or attorney of the other Party, has not made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce the Parties to execute this Agreement and the Parties acknowledge that they have not executed this Agreement upon any promise, representation or warranty not contained in this Agreement. The Parties further acknowledge that they are not entering into this Agreement under any form of duress or coercion and that they are each entering into this Agreement under their own free will believing this Agreement to be in their best interests.

18. **Cooperation to Effectuate Agreement**. The Parties agree to take such additional actions, including the execution and delivery of any additional documents, reasonably necessary or desirable to effectuate the provisions and spirit of this Agreement.

19. **Severability**. The invalidity, illegality or unenforceability of any provision of this Agreement, pursuant to judicial decree or otherwise, shall not affect the validity or enforceability of any other provision of this Agreement, each of which shall remain in full force and effect.

20. **Governing Law**. This Agreement shall be governed by the laws of the State of Florida, without regard to its conflicts of law rules.

21. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the Circuit Court in and for Miami-Dade County, Florida, which is presiding over the Lawsuit. The Agreement is governed by Florida law, and where applicable, federal law.

22. **Counterparts**. This Agreement may be executed in identical counterparts which, taken together, shall constitute collectively one agreement, but in making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart executed by the Party to be charged. Any facsimile or electronic transmittal (i.e., e-mail) of original signature versions of this Agreement shall be considered to have the same legal effect as execution and delivery of the original document and shall be treated in all manner and respects as the original document.

23. **FINAL AGREEMENT**. THIS AGREEMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES WITH RESPECT TO THE ENTIRETY OF THEIR BUSINESS RELATIONSHIP AND MAY NOT BE CONTRADICTED BY EVIDENCE OF ANY PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS AMONG THE PARTIES, AND THE PARTIES REPRESENT THAT THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THEM.

24. **Translation.** By signing this Agreement, Plaintiffs certify that, if necessary, this Agreement has been translated for him/her by an attorney and that he/she fully understands the terms of this Agreement. TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.

25. **WAIVER OF JURY TRIAL.** EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE IT HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT AND ANY OF THE AGREEMENTS DELIVERED IN CONNECTION HEREWITH. THIS WAIVER OF JURY TRIAL SHALL BE BINDING ON THE PARTIES' PERMITTED SUCCESSORS, HEIRS AND ASSIGNS. EACH PARTY CERTIFIES AND ACKNOWLEDGES THAT: (A) NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE SUCH WAIVER; (B) IT UNDERSTANDS AND HAS CONSIDERED THE IMPLICATIONS OF SUCH WAIVER; AND (C) IT MAKES SUCH WAIVER VOLUNTARILY.

*\*\*\*Signature Pages to Follow\*\*\**

IN WITNESS WHEREOF, the Parties have voluntarily caused this Agreement to be duly executed as of the Effective Date.

x *Lidia Suyapa Bogran*
**LIDIA BOGRAN**

Date: 10/3/15

*[signature]*
**SILDA CHAVEZ**

Date: 10/03/2015

*[signature]*
**CLAUDIA CRUZ**

Date: 10/5/15

*[signature]*
**JOSE ESTRADA**

Date: 10/3/15

**GR OPCO, LLC d/b/a E11EVEN MIAMI**

By: _____, as its _____

Date: _____

**ELEVATED EATERIES OF MIAMI, LLC**

By: _____, as its _____

Date: _____

**CJS GLOBAL, LLC**

By: _____, as its _____

Date: _____

**DENNIS DEGORI**

Date: _____

x_____
**RICARDO VALDES**

Date: 10/03/2015

_____
**KENNETH RATNER**

Date:_____

_____
**FRANCES MARTIN**

Date:_____

\\fs1\docs\10411\10411-23526\348871_2.docx-mhn

IN WITNESS WHEREOF, the Parties have voluntarily caused this Agreement to be duly executed as of the Effective Date.

|  |  |
|---|---|
|  | **GR OPCO, LLC d/b/a E11EVEN MIAMI** |
| _____ |  |
| **LIDIA BOGRAN** | _____ |
|  | By: _____, as its _____ |
| Date:_____ | Date:_____ |
|  |  |
|  | **ELEVATED EATERIES OF MIAMI, LLC** |
| _____ |  |
| **SILDA CHAVEZ** | _____ |
|  | By: _____, as its _____ |
| Date:_____ | Date:_____ |
|  |  |
|  | **CJS GLOBAL, LLC** |
| _____ | _____ |
| **CLAUDIA CRUZ** | By: _Taylor Smith_____, as its _CEO_ |
| Date:_____ | Date: _10/02/15_____ |
|  |  |
| _____ | _____ |
| **JOSE ESTRADA** | **DENNIS DEGORI** |
| Date:_____ | Date:_____ |

IN WITNESS WHEREOF, the Parties have voluntarily caused this Agreement to be duly executed as of the Effective Date.

_____  GR OPCO, LLC d/b/a E11EVEN MIAMI
**LIDIA BOGRAN**
                              By: _DENNIS DEGORI_, as its _MGT MEMBER_
Date:_____
                              Date: _10/2/15_

_____  ELEVATED EATERIES OF MIAMI, LLC
**SILDA CHAVEZ**
                              By: _DENNIS DEGORI_, as its _MGT MEMBER_
Date:_____
                              Date: _10/2/15_

                              CJS GLOBAL, LLC

_____
**CLAUDIA CRUZ**             By: _____, as its _____

Date:_____  Date:_____


_____  _____
**JOSE ESTRADA**              **DENNIS DEGORI**

Date:_____  Date: _10/2/15_

of

_____
**RICARDO VALDES**

Date:_____

_____
**KENNETH RATNER**

Date: 10/2/15

_____
**FRANCES MARTIN**

Date: 10/2/15