UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22100-Civ-COOKE/TORRES

LIDIA BOGRAN, individually,
SILDA CHAVEZ, individually,
CLAUDIA CRUZ, individually,
JOSE ESTRADA, individually,
RICARDO VALDES, individually,
and all persons similarly situated,

       Plaintiffs,
vs.

GR OPCO, LLC, a Florida for Profit Corp.,
d/b/a E11EVEN MIAMI, and ELEVATED
EATERIES OF MIAMI, LLC, a Florida
for Profit Corp., CJS GLOBAL, LLC, a Florida for
Profit Corp., DENNIS DEGORI,
individually, and KENNETH RATNER,
individually, FRANCES MARTIN,
individually,

       Defendants.
_____/

## ORDER APPROVING SETTLEMENT

      THIS MATTER is before me on the parties' Joint Motion for Approval of Settlement and for Enactment of a Conditional Stay/Abatement of Litigation Pending Completion of Settlement Payments and for Continuance of all Remaining Deadlines ("Joint Motion for Approval") (ECF No. 35). This matter was filed alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). As such, the parties submitted their Settlement Agreement and General Release ("Settlement Agreement"), for the Court's review, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

      This is my second review of the parties' Joint Motion for Approval. The parties initially submitted the Settlement Agreement and Joint Motion for Approval for my review on October 7, 2015. On October 19, 2015, I deferred ruling on the Joint Motion for Approval, requiring Plaintiff's counsel to submit additional documentation supporting the allocation of attorney's fees so that I could determine its reasonableness (ECF No. 37). *See Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009). Plaintiff's counsel has complied and, in a

separate order, I have adopted U.S. Magistrate Judge Edwin G. Torres's Report and Recommendation (ECF No. 41) that the attorney's fees in the settlement should be approved.

I have again reviewed the Joint Motion for Approval, record, Settlement Agreement, and Plaintiff's documentation supporting its attorney's fees in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). I find that the Settlement Agreement is a fair and reasonable compromise of a bona fide dispute over FLSA provisions.

In their Joint Motion for Approval, the Parties indicate that they shall stipulate to a dismissal after each Periodic Settlement Payment, as defined in their Settlement Agreement, is timely tendered. A stipulation of final dismissal, or a motion for dismissal, shall be filed within twenty (20) days of the last Periodic Settlement Payment. Any party may move to re-open the case should there be a problem in reaching a final settlement agreement.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. the Joint Motion for Approval is **GRANTED**;
2. the Parties' Settlement Agreement is **APPROVED**;
3. this Court shall retain jurisdiction to enforce the terms of the Settlement Agreement, should enforcement be necessary;
4. all pending motions, if any, are **DENIED** *as moot*; and
5. this case shall remain **ADMINISTRATIVELY CLOSED**. All remaining deadlines are terminated.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29TH day of February 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*